[Cite as *Kutz v. Kutz*, 2013-Ohio-532.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| REBECCA J. KUTZ, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-08-017 |
| | : | O P I N I O N |
| - vs - | | 2/19/2013 |
| | : | |
| MARK A. KUTZ, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. DRA20090060


Lisa M. Christensen, David H. Jackman, 60 South Main Street, P.O. Box 29, London, Ohio 43140, for plaintiff-appellee

Ralph A. Kerns, Amanda L. Wilhelm, 6797 North High Street, Suite 325, Worthington, Ohio 43085, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Mark Kutz (Husband), appeals a decision of the Madison County Court of Common Pleas, denying his request for relief from the trial court's judgment entry and decree of divorce.

{¶ 2} Husband married plaintiff-appellee, Rebecca Kutz (Wife), in 1990 and the couple had three children born issue of the marriage. Wife filed a complaint for legal

separation in April 2009, and Husband later filed a petition for divorce. The parties engaged in discovery and attempted a settlement. While Husband stipulated to Wife having residential custody of the children, the parties were unsuccessful in settling all support and division of property matters. A hearing was scheduled for December 10, 2009, but Husband's counsel withdrew his appearance, and the hearing date was continued until January 14, 2010. Husband moved the court to continue the hearing once more, but such request was denied and the hearing was held before a magistrate. The magistrate issued its decision, and Husband, acting pro se, filed objections to the magistrate's decision. The trial court overruled each objection in turn.

{¶ 3} The trial court set another hearing because Husband filed bankruptcy, and those proceedings were pending at the time of the first hearing. Husband moved for a continuance of the second hearing, which was also denied. The magistrate then held a second hearing. On the day before the magistrate issued its decision, Husband's counsel withdrew. Husband filed a pro se motion for reconsideration of the magistrate's decision, which the trial court overruled. Husband filed a direct appeal to this court, which was dismissed because the trial court's decree had not yet been filed at the time Husband filed his notice of appeal. Husband did not file a direct appeal with this court once the trial court filed the divorce decree. Instead, Husband retained another attorney.

{¶ 4} Husband, represented by counsel, filed a motion to set aside the decree of divorce pursuant to Civ.R. 60(B). However, the trial court denied Husband's motion, and did not hold a hearing before doing so. Husband now appeals the trial court's decision overruling his Civ.R. 60(B) motion, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANT'S 60(B) MOTION WITHOUT AN OPPORTUNITY FOR THE DEFENDANT TO BE HEARD.

- 2 -

{¶ 6} Husband argues in his sole assignment of error that the trial court abused its discretion by denying his Civ.R. 60(B) motion, and that it erred by not holding a hearing before denying the motion.

{¶ 7} According to Civ.R. 60(B),

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 8} The Ohio Supreme Court has established the following test to determine whether a party can prevail on a motion to set aside a judgment pursuant to Civ.R. 60(B). The movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time * * *." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976) at paragraph two of the syllabus.

{¶ 9} A trial court is not required to conduct a hearing on a Civ.R. 60(B) motion "unless [the] motion and accompanying materials contain operative facts to support relief." *Hover v. O'Hara*, 12th Dist. No. CA2006-06-077, 2007-Ohio-3614, ¶ 30, citing *Kay v. Glassman*, Inc., 76 Ohio St.3d 18 (1996). We review a trial court's decision granting or denying a party's motion for relief from judgment for an abuse of discretion. *Strack v. Pelton,*

70 Ohio St.3d 172, 174 (1994). An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1993).

{¶ 10} In his Civ.R. 60(B) motion, Husband argues that the divorce decree should be set aside because (1) the guardian ad litem failed to meet her duties, (2) the trial court erred in calculating and ordering spousal support, (3) the trial court erred in calculating reimbursement for an Ohio Public Employees Retirement System account, (4) the trial court erred in calculating child support, and (5) the trial court failed to account for Husband's separate property.

{¶ 11} Husband is essentially trying to mount a direct appeal by virtue of his Civ.R. 60(B) motion, a tactic which is improper. Husband's first attempt to file a direct appeal with this court was dismissed as unripe because the final decree of divorce had not yet been filed in the trial court. However, Husband took no steps to directly appeal the trial court's ruling once the decree was filed. A Civ.R. 60(B) motion is not the correct avenue to challenge the trial court's ruling when a party fails to properly perfect a direct appeal.

> Where the remedy of appeal is available to a party, and where the issues raised in a motion for relief from judgment are those which could properly have been raised on appeal, a motion for relief from judgment will be denied. * * * In short, Civ.R. 60(B) was intended to provide relief from a final judgment in specific, enumerated situations and cannot be used as a substitute for a direct, timely appeal.

*Newell v. White*, 4th Dist. No. 05CA27, 2006-Ohio-637, ¶ 14-15. The proper method for challenging the trial court's decision was to directly and timely appeal the divorce decree, and raise before this court those arguments Husband has raised within his Civ.R. 60(B) motion.

{¶ 12} Even if the Civ.R. 60(B) motion had been the proper procedural course, the trial court overruled Husband's motion, finding that Husband failed to assert any new facts and that all issues raised in the Civ.R. 60(B) motion had been litigated through the hearings, post-

hearing filings, and through the objections to the magistrate's decision. After reviewing the record, we find that the trial court's decision was not an abuse of discretion.

{¶ 13} The record indicates that the parties litigated the issues raised in Husband's Civ.R. 60(B) motion. Moreover, Husband's motion did not demonstrate mistake, newly discovered evidence, or Wife's misconduct or fraud as is required within Civ.R. 60(B) (1)-(3). Instead, Husband merely made claims that the trial court erred in adopting the magistrate's determination of several financial issues, as well as in considering the GAL's report.

{¶ 14} However, the record contains evidence that the financial issues Husband now claims as error were litigated during the divorce proceedings, and all issues regarding support and property distribution were included in the trial court's order. Also, the GAL filed multiple reports, and the record indicates that Husband had knowledge of the reports, as he raised specific objections regarding the GAL's findings and recommendations. Nothing within Husband's Civ.R. 60(B) motion indicated that he had a meritorious defense or that he was entitled to relief because of mistake, new evidence, or fraud.

{¶ 15} Husband also suggests that the decree should be set aside and a new hearing held because his counsel withdrew on one occasion before a hearing and again before the magistrate's second decision was released. However, the trial court specifically found that Husband was not able to demonstrate that his counsel withdrawing was proper grounds pursuant to Civ.R. 60(B) to set aside the judgment and order a new hearing.

{¶ 16} Instead, there is no indication that Husband suffered any prejudice from his counsel withdrawing. The first hearing was continued so that Husband could obtain new counsel. The second time counsel withdrew was before the magistrate's decision was released, but Husband had time to secure new counsel and still timely file objections and could have done so. We would also note that on each occasion Husband's counsel withdrew, it was because of Husband's actions (or inactions) and his failure to cooperate with

counsel. Whatever the reason, not having counsel on those two occasions was not proper grounds for setting aside the decree and granting Husband's Civ.R. 60(B) motion.

{¶ 17} For these same reasons, the trial court was not required to hold a hearing before denying Husband's Civ.R. 60(B) motion, as the motion and accompanying materials did not contain operative facts to support the relief that Husband sought. After reviewing the record, the trial court did not abuse its discretion in denying Husband's Civ.R. 60(B) motion, and Husband's assignment of error is overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.