[Cite as *In re R.B.*, 2013-Ohio-2392.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| R.B. | : | CASE NO.   CA2012-09-176 |
| | : | O P I N I O N<br>6/10/2013 |
| | : | |
| | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. JN2006-073


Harry B. Plotnick, 810 Sycamore Street, 4th Floor, Cincinnati, Ohio 45202, for plaintiff-appellant

Flanagan, Lieberman, Hoffman & Swaim, Richard Hempfling, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402 and Jessica W. Blakewood, 371 West First Street, Suite 100, Dayton, Ohio 45402-3012, for respondent-appellee


**RINGLAND, J.**

{¶ 1}   Plaintiff-appellant, Gretchen Golden (Mother), appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, denying two motions for relief from judgment pursuant to Civ.R. 60(B) in favor of defendant-appellee, John Babel (Father).

{¶ 2}   Mother and Father were married in 1989 and four children were born of this marriage.  The parties were divorced in the Butler County Court of Common Pleas, Domestic

Relations Division, in 2004. Since that time, the parties have been involved in extensive litigation involving the care and custody of their children. In November 2006, the proceedings relating to their children were transferred to the Juvenile Division of the Butler County Court of Common Pleas based on allegations of abuse, neglect, and dependency. This appeal relates to the parties' child, R.B., who was adjudicated dependent on November 8, 2007.[1]

{¶ 3} On November 29, 2007, Father filed a motion for contempt based on Mother's failure to pay her portion of uninsured medical expenses for their children. At the hearing on the motion for contempt, over Mother's objection, Father presented a spreadsheet which detailed the extraordinary medical costs he incurred for the children. On October 13, 2009, the court found Mother in contempt "for failing to pay her portion of the medical bills." Accordingly, the court ordered Mother to reimburse Father in the amount of $7,115.84.[2] Mother neither objected to nor appealed from this decision.

{¶ 4} Two years later, on August 1, 2011, the Butler County Child Support Enforcement Agency (BCCSEA) conducted an administrative proceeding and recommended Father's child support for R.B. terminate on R.B.'s 19th birthday, November 2, 2011. Mother received a copy of BCCSEA's recommendation. The recommendation advised Mother that she could request an administrative hearing on the recommendation within 30 days. Without further hearing, BCCSEA's recommendation was adopted as an order of the court on October 12, 2011. The magistrate's decision adopting the recommendation provided that Mother could file a motion to set aside the order within 10 days or file an objection to the

---

1. Mother's brief contains a "Notation to the Court," which suggests the juvenile court did not have subject matter jurisdiction to enter the judgments from which she is now requesting relief. Mother asserts that although there were allegations of abuse, neglect and dependency, no entry adjudicating R.B. as such was ever entered by the court. A challenge to the court's subject matter jurisdiction should be properly raised as an assignment of error; however, after a review of the record, we find the juvenile court filed an entry adjudicating R.B. dependent on November 8, 2007. Accordingly, the juvenile court had subject matter jurisdiction over this case.

2. This amount was offset in the amount of $408 per month against Father's child support obligation.

order within 14 days. Mother did neither.

{¶ 5}  On October 27, 2011, 15 days after the order terminating the child support for R.B. was issued, Mother filed a motion for "Various Forms of Relief."  Included in this motion was a motion to extend child support beyond the age of 19 and a motion for relief from judgment pursuant to Civ.R. 60(B) to set aside the October 13, 2009 order finding her in contempt for failing to pay certain medical expenses ("Motion for Relief as to Medical Expenses").  The Civ.R. 60(B) motion was filed 2 years and 14 days after the court entered the original order on October 13, 2009. In her Motion for Relief as to Medical Expenses, Mother argued that the order requiring her to reimburse Father for certain medical expenses should be set aside because, after "acquir[ing] the primary information from the medical providers and explanation of benefits forms from the various insurers," Mother found Father had inflated the expenses for which he sought reimbursement.  Father subsequently filed a motion to dismiss Mother's motion for "Various Forms of Relief."

{¶ 6}  On July 12, 2012, Mother filed a second motion for relief from judgment pursuant to Civ.R. 60(B)(1) seeking to set aside the judgment terminating father's child support of R.B. entered by the court on October 12, 2011 ("Motion for Relief as to Child Support").  In this motion, Mother claimed she was entitled to relief based on mistake, inadvertence or excusable neglect.  On this same day, the trial court held a previously scheduled hearing to address Mother and Father's motions.  Mother was the only witness to testify during the July 12 hearing.  There were no other affidavits or other documentary evidence submitted in support of either Civ.R. 60(B) motion.

{¶ 7}  After reviewing the evidence, the magistrate denied mother's Motion for Relief as to Medical Expenses and her Motion for Relief as to Child Support.  The magistrate also granted Father's motion to dismiss.  Mother subsequently filed objections to the magistrate's decision.  After a review of the record, the trial court overruled the objections and adopted the

magistrate's decision as the final judgment of the court. Mother appeals asserting the following two assignments of error:

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HER MOTION FOR RELIEF FROM JUDGMENT RELATING TO THE MEDICAL EXPENSE REIMBURSEMENT ORDER.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HER MOTION FOR RELIEF FROM JUDGMENT RELATING TO THE CONTINUATION OF CHILD SUPPORT FOR R.B.

{¶ 12} Both assignments of error challenge the propriety of the trial court's decision to deny Mother's Civ.R. 60(B) motions. Civ.R. 60(B) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 13} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Robinson v. Miller Hamilton Venture, L.L.C.*, 12th Dist. No. CA2010-09-

226, 2011-Ohio-3017, ¶ 14, quoting *GTE Automatic Electric, Inc. v. ARC Indus., Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant must establish all three requirements in ordered to be entitled to relief. *Cox v. Zimmerman*, 12th Dist. No. CA2011-03-022, 2012-Ohio-226, ¶ 13.

{¶ 14} We review a trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Kutz v. Kutz,* 12th Dist. No. CA2012-08-017, 2013-Ohio-532, ¶ 9, citing *Strack v. Pelton,* 70 Ohio St.3d 172, 174 (1994). An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, we are not free to merely substitute our judgment for that of the trial court. *Morrison v. Robinson*, 12th Dist. CA2012-06-019, 2013-Ohio-453, ¶ 26, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997).

### A. Motion for Relief as to Medical Expenses

{¶ 15} Mother argues in her first assignment of error that the trial court abused its discretion in denying her motion for relief as to medical expenses because it only considered the timeliness of her motion. Mother asserts she provided a reasonable explanation for the over two year delay, and, as a result, the court should have provided her "a forum in which to present the products of her research."

{¶ 16} The trial court considered Mother's arguments in light of Civ.R. 60(B)(5) and found that she was not entitled to relief as she "failed to present any extraordinary, substantial or otherwise unique circumstances that would entitle her to relief after two years, nor did she establish that over a two year delay under these circumstances is reasonable."

{¶ 17} In her Civ.R. 60(B) motion, Mother asserted the finding of contempt should be set aside because after compiling the underlying information from Father's spreadsheet of claimed medical expenses, Mother determined that Father's claims were inflated. She

further asserted that Father was permitted to testify during the contempt proceedings as to these expenses from a summary of his records rather than presenting any primary documentation of the expenses.

{¶ 18} From a review of the record, it is clear that Mother objected to Father's documentation of the medical expenses, including the spreadsheet of expenses during the contempt proceedings. In its decision finding Mother in contempt, the court stated that Mother argued she should not be held in contempt "because Father failed to serve her with copies of all of the statements from the medical providers and benefits from the insurance company." According to the court, Father disputed Mother's claim and testified that he routinely attempted to notify Mother regarding the extraordinary medical costs by sending the spreadsheets with the costs, by e-mail, certified mail, and personal delivery through Mother's attorney and the maternal grandmother. Father presented evidence of his attempts to serve mother by certified mail. The court also stated that Father testified he did "try to provide her with copies of the actual bills and benefits statements."

{¶ 19} After considering the testimony and arguments presented by Mother and Father:

> The court did not find mother's assertions as to why she did not pay her portion of the uninsured medical expenses to be credible. * * * Father did attempt to serve her with the necessary information. It is apparent that mother chose to ignore her responsibility for her portion of the medical expenses, just as she chose to ignore her obligation to support the children when father was the residential parent.

As a result, the trial court found Mother in contempt and ordered her to reimburse Father.

{¶ 20} Now, over two years after the trial court reached this decision, Mother is attempting to re-litigate these same issues. Essentially, Mother is trying to mount a direct appeal by virtue of her Civ.R. 60(B) motion. Such a tactic is improper as a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. *Kutz* at ¶ 11; *Doe v. Trumbull Cty.*

*Children's Servs. Bd.*, 28 Ohio St. 3d 128 (1986), paragraph two of the syllabus. Mother failed to file a direct appeal of the trial court's order finding her in contempt. She cannot now use Civ.R. 60(B) as a substitute for a direct, timely appeal.

{¶ 21} However, even if the Civ.R. 60(B) motion had been the proper procedural course, we find the trial court did not abuse its discretion in denying Mother's motion for relief from judgment.

{¶ 22} We first note that Mother's motion should have been construed under the more specific subsection, Civ.R. 60(B)(4), rather than Civ.R. 60(B)(5). Mother failed to designate the subsection she was seeking relief under, and the court construed her motion as being brought pursuant to Civ.R. 60(B)(5). "Civ.R. 60(B)(5) is considered a 'catch-all' provision that 'reflects the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Robinson v. Miller Hamilton Venture, L.L.C.*, 12th Dist. No. CA2010-09-226, 2011-Ohio-3017, ¶ 17, quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. The grounds for invoking this provision must be substantial, and relief is to be granted only in unusual or extraordinary circumstances. *Robinson* at ¶ 17. Civ.R. 60(B)(5) is not be used as a substitute for any of the more specific provisions of Civ.R. 60(B). *Id.*

{¶ 23} Mother sought relief from judgment based on her belief that Father misled her and the court with regard to the amount of medical expenses he incurred for their children. Such a claim more appropriately falls under the purview of Civ.R. 60(B)(4) for fraud, misrepresentation or misconduct of an adverse party. There was no need to invoke the less specific provision of Civ.R. 60(B)(5). Additionally, Civ.R. 60(B)(4) has an absolute one-year deadline to file a motion, and Mother's motion was filed well after this one-year deadline. Mother's motion was therefore untimely under Civ.R. 60(B) and the third prong of the *GTE Automatic* test. Accordingly, the trial court's denial of mother's motion was appropriate, albeit

for a different reason. *See Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990) (finding that a reviewing court is not authorized to reverse a correct judgment merely because the trial court stated an erroneous basis for its judgment as long as the judgment is legally correct for another reason).

{¶ 24} Nevertheless, even if Mother's motion is analyzed under Civ.R. 60(B)(5), we find the court did not abuse its discretion in finding that Mother failed to bring the motion within a reasonable time. In the trial court, Mother testified that the two-year delay was reasonable because she had to locate and contact several doctors, hospitals, and insurance companies to receive copies of bills and explanation of benefit forms. Mother also argued that it took several months to receive some of these records and then after she received all the documentation, she had to organize it and essentially reconcile it with the figures claimed by Father.

{¶ 25} In rejecting Mother's claims, the trial court noted that Mother acknowledged in 2009 she was unhappy with the court's order finding her in contempt and she did not believe Father's testimony regarding the medical expenses was accurate. Also, the record indicates that the documents which formed the basis for Mother's motion for relief were in existence at the time of the hearing in 2009. Father filed his motion for contempt in November 2007. The hearing on this motion was not until September 21, 2009. As such, Mother had approximately two years from the filing of the contempt motion to research the propriety of Father's claims regarding the medical bills. Yet, Mother did nothing, even in light of the fact that she "always believed that the charges claimed by [Father] were highly inflated." Even after the court found her in contempt, Mother did not begin investigating and gathering the underlying documents related to these expenses until February 2010.

{¶ 26} Based upon the foregoing, we find the trial court did not abuse its discretion in finding Mother's delay unreasonable. Mother's first assignment of error is overruled.

## B. Motion for Relief as to Child Support

{¶ 27} Mother's motion to set aside the court's order terminating child support for R.B. was made pursuant to Civ.R. 60(B)(1) for mistake. In her motion for relief and during the July 12 hearing, Mother argued she had a meritorious claim because child support should be extended due to R.B.'s disability. Mother also testified that she was entitled to relief because she mistakenly believed the court would accept her motion to extend child support for R.B. because the motion was filed prior to his 19th birthday. Mother also testified that she received both the administrative determination and the court's order terminating the support of R.B., but she did not understand the legal effect of these orders. As stated above, to set aside a final order of the court, mother must satisfy each prong of the *GTE Automatic* test.

{¶ 28} In ruling on Mother's motion, the court considered the merits of her claim that the child support for R.B. should be continued pursuant to R.C. 3119.86. R.C. 3119.86 permits child support to continue past the child's 19th birthday if the child is "mentally or physically disabled *and* is incapable of supporting or maintaining himself or herself." (Emphasis added.) R.C. 3119.86(A)(1)(a) and (B). Mother presented sufficient evidence by way of R.B.'s diagnosis of Asperger's syndrome, diabetes, and A.D.H.D. to establish that he is mentally or physically disabled under the statute. However, as noted by the trial court, Mother failed to put forth any operative facts that R.B. was unable to support or maintain himself due to his disability.

{¶ 29} Mother contends that her testimony that she was recently named R.B.'s guardian in Montgomery County Probate Court and that he is unable to determine his insulin dosage was sufficient to indicate that he is unable to maintain or support himself. We disagree. There is no indication from the record that these facts resulted in R.B.'s inability to support himself or live independently. A disability alone is insufficient to establish the need for support. *See Donohoo v. Donohoo*, 12th Dist. Nos. CA2011-11-080 and CA2011-11-081,

2012-Ohio-4105, ¶ 23. Mother failed to present sufficient facts to establish that she had a meritorious claim. Accordingly, as Mother failed to demonstrate she was entitled to relief under Civ.R. 60(B), the denial of mother's motion for relief was not an abuse of discretion.

{¶ 30} Moreover, after a review of the record, we find the trial court did not abuse its discretion in denying Mother's motion for relief as she failed to prove mistake with regard to her failure to object to the termination of child support. Mother acknowledged that she received BCCSEA's recommendation to terminate the support and the court's order adopting BCCSEA's recommendation, thereby terminating support for R.B. Both BCCSEA's recommendation and the court's order provided full and adequate notice and warning to Mother concerning her rights to a hearing regarding the termination of child support. Her failure to act upon these warnings cannot be said to be a "mistake" as contemplated under Civ.R. 60(B)(1). Finally, the trial court's conclusion that Mother's motion was untimely was not unreasonable, arbitrary, or unconscionable. As mentioned above, Mother was aware the trial court adopted BCCSEA's recommendation to terminate R.B.'s support on October 12, 2011. Yet she did not file her motion to extend support until October 27, 2011, 15 days after the order terminating support was entered. Moreover, she did not request relief from the judgment terminating such support until 9 months later on July 12, 2012, the day of the hearing on her motions. Although the motion was filed prior to the one-year deadline found in Civ.R. 60(B)(1), based upon the other filings and circumstances of this case, a nine-month delay is not within a reasonable time. *See Colley v. Bazell*, 64 Ohio St.2d 243, 249-250 (1980) (finding what is reasonable under the circumstances depends on the facts of each case).

{¶ 31} Based on the foregoing, since Mother failed to meet any of the three requirements of the *GTE* test, we find the trial court did not abuse its discretion in denying her Civ.R. 60(B) motion. Mother's second assignment of error is overruled.

{¶ 32} Judgment affirmed.

PIPER and M. POWELL, J., concur.