[Cite as *BAC Home Loans Servicing, LP. v. Mullins*, 2014-Ohio-4761.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-12-015 |
| | : | O P I N I O N |
| - vs - | | 10/27/2014 |
| | : | |
| JAMES R. MULLINS, JR., a.k.a. | : | |
| James R. Mullins, et al., | | |
| | : | |
| Defendants-Appellants. | | |
| | : | |

CIVIL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 09 CV 27935

Blank Rome LLP, John R. Wirthlin, Michael B. Hurley, 1700 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202, for plaintiff-appellee

James R. Mullins, Jr., 115 West Somers Street, Eaton, Ohio 45320, defendant-appellant, pro se

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, James R. Mullins, Jr. a.k.a. James R. Mullins (Mullins), appeals pro se from the decisions of the Preble County Court of Common Pleas entering summary judgment and a decree for foreclosure in favor of plaintiff-appellee, BAC Home Loans Servicing, LP f.k.a. Countrywide Home Loans Servicing, LP (BAC), and denying

Mullins' motion for relief from summary judgment. For the reasons set forth below, we affirm.

## I. FACTS

{¶ 2} On May 23, 2008, Mullins executed a promissory note with Somerville National Bank (Somerville) for a loan in the amount of $94,606 to purchase a home. The note provided that the interest rate would be 6.375 percent yearly and payments would begin on July 1, 2008. To secure payment of the promissory note, Mullins executed a mortgage against the home, located on Somers Street in Eaton, Ohio (Somers Street property).

{¶ 3} On December 3, 2009, BAC filed a complaint in foreclosure against Mullins. In its complaint, BAC alleged that it was the holder of the indorsed-in-blank promissory note secured by the mortgage on the Somers Street property. BAC further alleged Mullins had defaulted on the note in the amount of $93,861.93, together with interest at a rate of 6.375 percent from February 1, 2009. BAC asserted it had a valid first lien on the property and sought to have the mortgage foreclosed, the property sold, and the proceeds distributed. The Federal Home Loan Bank of Cincinnati (Bank of Cincinnati) and Jane Doe, the spouse of Mullins, were listed as additional defendants who may have an interest in the action.[1]

{¶ 4} On December 24, 2009, Mullins filed a letter with the trial court, which the court construed as an answer to BAC's complaint. In this letter, Mullins informed the court that he was in the process of seeking a loan modification. Mullins did not otherwise respond to the allegations set forth in BAC's complaint. On January 15, 2010, BAC moved for summary judgment against Mullins. Mullins sought an extension of time to respond to BAC's motion, and the trial court granted his request, giving him until March 2, 2010 to file his response.

---

1. The Preble County Treasurer was also listed as a defendant in the foreclosure action. The Preble County Treasurer filed an answer to BAC's complaint on December 7, 2009, claiming to have a valid lien on the Somers Street property. In the trial court's December 3, 2013 entry sustaining summary judgment in favor of BAC and entering a decree for foreclosure, the trial court specifically found the "lien as set forth in the Answer of Defendant Preble County Treasurer" a "good and valid lien and the first and best lien upon the [Somers Street] premises." Jane Doe, the Bank of Cincinnati, and the Preble County Treasurer are not parties to the present appeal.

Mullins failed to file a response, and on March 9, 2010, the trial court granted BAC's motion for summary judgment.

{¶ 5} BAC subsequently sought default judgment against the Bank of Cincinnati and Jane Doe as they had failed to file an answer or otherwise appear in the action. Prior to ruling on this motion, the trial court issued an entry staying the case. In its entry, the trial court stated: "The Court is advised that the principal parties hereto are in the process of effectuating a loan modification. Accordingly, this matter is stayed pending dismissal of the action or in the alternative notice from [BAC] that this matter should be reactivated."

{¶ 6} On February 3, 2012, the case was reactivated after the parties failed to reach a loan modification agreement. On March 7, 2012, Mullins filed a "Motion of Countersuit," alleging that there was "fraud perpetrated" by BAC. The fraud complained of by Mullins allegedly occurred during the loan modification process. BAC moved to strike Mullins' "Motion for Countersuit" on the grounds that it was an untimely counterclaim filed without leave of court. On March 28, 2012, the trial court issued a decision denying Mullins' "Motion for Countersuit," finding that the motion was not timely filed.

{¶ 7} Thereafter, in April 2012, Mullins had the case removed to federal court. On August 1, 2012, the District Court for the Southern District of Ohio issued a decision remanding the case back to the state court. *Mullins v. Bank of America Corp.*, S.D.Ohio No. 3:12-CV-131 (Aug. 1, 2012) (Decision and Entry: (1) Adopting the Report and Recommendation of the United States Magistrate Judge; (2) Remanding to the State Court; and (3) Terminating this Case From the Docket). Mullins appealed to the Sixth Circuit Court of Appeals, which ultimately dismissed his appeal. *Mullins v. Bank of America Corp.*, 6th Cir. No. 12-3988 (Oct. 11, 2013) (Order Dismissing Appeal).

{¶ 8} On November 14, 2013, the case was again reactivated in the Preble County Court of Common Pleas. At this time, BAC filed a "Renewed Motion for Default Judgment"

- 3 -

against the Bank of Cincinnati and Jane Doe. A hearing on the motion for default judgment was set for December 2, 2013. Prior to the date of the hearing, Mullins filed a motion to have the hearing rescheduled. He also filed a "Petition for Permission to File Answer to [BAC's] Order" (Petition). In his "Petition," Mullins argued BAC committed fraud "in their initial proceedings of foreclosure relief" and he sought to have the court reverse its decision awarding summary judgment to BAC.

{¶ 9} On November 26, 2013, the trial court issued a decision denying Mullins' request to reschedule the December 2, 2013 default hearing and denying Mullins' "Petition." The trial court treated Mullins' "Petition" as a Civ.R. 60(B) motion for relief from its March 9, 2010 decision granting summary judgment to BAC. The court concluded that Mullins' motion for relief had been untimely filed as more than three and one-half years had passed since summary judgment had been granted to BAC.

{¶ 10} On December 3, 2013, the trial court issued a final appealable order "sustaining [BAC]'s motion for summary judgment" against Mullins and entering default judgment against the Bank of Cincinnati and Jane Doe. The court further entered a decree for foreclosure.

{¶ 11} Mullins timely appealed from the trial court's December 3, 2013 entry, raising two assignments of error.

## II. ANALYSIS

### A. Opportunity to be Heard

{¶ 12} Assignment of Error No. 1:

{¶ 13} [MULLINS'] DUE PROCESS RIGHTS - - IN ACCORDANCE WITH THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION WAS [SIC] VIOLATED.

{¶ 14} In his first assignment of error, Mullins argues the trial court denied him "meaningful participation" in the case as the court did not give him an opportunity to be heard or to "prove the fraud." Specifically, Mullins complains he was denied the opportunity to be

- 4 -

heard with respect to (1) his motion for countersuit, (2) his request to reschedule the December 2, 2013 default hearing, and (3) his Civ.R. 60(B) "Petition."

### 1. Motion for Countersuit

{¶ 15} Mullins argues the trial court erred by not allowing him to proceed with his "countersuit." He contends the "countersuit" was timely as it was filed within a year of the case being reactivated for the first time.

{¶ 16} From the record, it is apparent that the trial court treated Mullins' "Motion for Countersuit" as a request for leave to amend a pleading to add a counterclaim for fraud. Civ.R. 13(F) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Whether or not a party may, under appropriate circumstances, amend a responsive pleading to include a counterclaim is a decision left to the sound discretion of the trial court, and a trial court's decision will not be disturbed absent an abuse of discretion. *Chase Manhattan Mtge. Corp. v. Urquhart*, 12th Dist. Butler Nos. CA2004-04-098 and CA2004-10-271, 2005-Ohio-4627, ¶ 17. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Wells Fargo Bank v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 13.

{¶ 17} We find no abuse of discretion by the trial court in denying Mullins' "Motion for Countersuit." Under facts similar to the present case, we found that a trial court did not abuse its discretion by denying a motion for leave to file a counterclaim where the defendant-homeowner did not attempt to file the counterclaim until almost one year after the complaint was filed and after summary judgment had been granted to the plaintiff-bank. *See Urquhart* at ¶ 18. Here, the record reflects that Mullins did not seek leave to file a counterclaim for fraud until well after the time to answer or respond to the complaint had passed.

Furthermore, Mullins request to file a counterclaim for fraud occurred nearly two years after summary judgment had been granted to BAC. Accordingly, based on these facts, we agree with the trial court's finding that Mullins' motion was untimely and, therefore, conclude that the trial court did not abuse its discretion in denying his "Motion for Countersuit."

2. Request for a Continuance

{¶ 18} Mullins also argues the trial court erred by denying his motion for a continuance of the December 2, 2013 hearing. Mullins contends he communicated his unavailability to the trial court and that the hearing should have been rescheduled so that he could attend the proceeding.

{¶ 19} The decision to grant or deny a continuance is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *U.S. Bank v. Fitzgerrel*, 12th Dist. Clermont No. CA2011-09-063, 2012-Ohio-4522, ¶ 18. "In ruling upon a motion for a continuance, the trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant." *Id.*

{¶ 20} We find no error in the trial court's denial of Mullins' request for a continuance. Mullins sought a continuance of a hearing on BAC's motion for default judgment against the Bank of Cincinnati and Jane Doe. Mullins was not a party subject to the default judgment motion. As such, we find that any prejudice Mullins experienced by the denial of his request for a continuance was minimal and outweighed by the trial court's interest in controlling its docket. We therefore conclude that the trial court did not abuse its discretion in denying Mullins' motion for a continuance of the December 2, 2013 default hearing.

3. Civ.R. 60(B) "Petition"

{¶ 21} Mullins also contends the trial court erred in denying his Civ.R. 60(B) "Petition" as there was evidence that summary judgment was inappropriate given the fraud committed

against him and the fraud committed against the court. He further argues the court should have held a hearing on his "Petition."

{¶ 22} As an initial matter, we find that Mullins' arguments with respect to the "fraud committed against the court" are waived. Mullins argues for the first time on appeal that BAC committed fraud against the court when it failed to provide the court with a true and accurate copy of the deed to the Somers Street property and provided the trial court with a fraudulent "robo-signed" assignment of the mortgage from Somerville to BAC. These arguments were not set forth in Mullins' "Petition" and are, therefore, waived for purposes of appeal. *See Wells Fargo Bank, N.A. v. Geiser*, 12th Dist. Butler No. CA2013-06-103, 2014-Ohio-3379, ¶ 10, fn. 3 ("[i]t is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and failure to raise an issue before the trial court results in waiver of that issue for appellate purposes").

{¶ 23} With respect to Mullins' claim that BAC perpetrated fraud against Mullins individually to obtain summary judgment in the foreclosure action, we review the trial court's denial of Mullins' Civ.R. 60(B) "Petition" for an abuse of discretion. *Kutz v. Kutz*, 12th Dist. Madison No. CA2012-08-017, 2013-Ohio-532, ¶ 9.

{¶ 24} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that (1) he has a meritorious defense or claim to present if relief is granted, (2) he is entitled to relief under one of the five grounds set forth in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment was entered. *Aurora Loan Servs. v. Brown,* 12th Dist. Warren Nos. CA2010-01-010 and CA2010-05-041, 2010-Ohio-5426, ¶ 35, citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 150-151 (1976). "The three requirements necessary to sustain a Civ.R. 60(B) claim are independent and conjunctive." *Carrelli v. Goodwin*, 12th Dist. Clinton No. CA93-12-038, 1994 WL

409636, *1 (Aug. 8, 1994). Therefore, the movant must establish all three requirements in ordered to be entitled to relief. *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 13.

{¶ 25} After reviewing the record, we find that the trial court did not abuse its discretion by denying Mullins' "Petition" for relief from summary judgment as his motion was not made within a reasonable time. Because Mullins alleged he was entitled to relief on the basis of fraud under Civ.R. 60(B)(3), he was required to file his "Petition" "not more than one year after the judgment, order, or proceeding was entered or taken." Civ.R. 60(B). In the present case, summary judgment was entered against him on March 9, 2010. Mullins did not seek relief from this judgment until November 20, 2013, over three years later. Mullins' motion for relief, therefore, was not timely.

{¶ 26} Even if Mullins' motion had been timely made, the motion was properly denied as Mullins failed to present the necessary operative facts to establish a meritorious defense to the action. "In order to establish a meritorious defense, a moving party 'must present operative facts that demonstrate the existence of a meritorious defense or claim.'" *Fifth Third Bank v. Schoessler's Supply Room, L.L.C.*, 190 Ohio App.3d 1, 2010-Ohio-4074, ¶ 13 (12th Dist.), quoting *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, ¶ 20 (11th Dist.). "If a party who seeks relief from judgment does not present operative facts or presents facts of limited or meager quality, then a trial court is justified in denying relief." *Whittle v. Davis*, 12th Dist. Butler No. CA2013-08-153, 2014-Ohio-445, ¶ 22, citing *Bank of New York Mellon v. Stefanidis*, 10th Dist. Franklin No. 11AP-157, 2011-Ohio-6455, ¶ 12.

{¶ 27} Here, Mullins provided only general allegations of fraud. He did not specify in his "Petition" the manner in which BAC defrauded him as a way of obtaining summary judgment; nor did he attach or provide evidence to support his claim of fraud. As we have previously held, "[m]ere general allegations and mere conclusions of law are not sufficient to

justify relief from judgment." *Tri-County Pavings, Inc. v. Everman*, 12th Dist. Fayette No. CA91-11-024, 1992 WL 126260, *1 (June 8, 1992). As Mullins' general assertion of fraud was insufficient to meet his burden of establishing operative facts demonstrating a meritorious defense to the foreclosure action, we find no error in the trial court's denial of his Civ.R. 60(B) "Petition."

{¶ 28} Further, we find no error in the trial court's decision to deny the "Petition" without first holding a hearing. "A trial court is not required to conduct a hearing on a Civ.R. 60(B) motion 'unless [the] motion and accompanying materials contain operative facts to support relief.'" *Kutz*, 2013-Ohio-532 at ¶ 9, quoting *Hover v. O'Hara*, 12th Dist. Warren No. CA2006-06-077, 2007-Ohio-3614, ¶ 30. As Mullins' Civ.R. 60(B) "Petition" did not contain operative facts supporting relief from judgment, the trial court was not required to hold a hearing on his "Petition."

{¶ 29} Accordingly, having found no merit to Mullins' arguments, his first assignment of error is overruled.

**B. Appropriateness of Summary Judgment**

{¶ 30} Assignment of Error No. 2:

{¶ 31} APPELLEE IS NOT ENTITLED TO THE SUMMARY JUDGMENT [SIC] AS THEY HAVE TRANSFERRED THE PROPERTY TO ANOTHER SERVICER, PENNYMAC, WHOM HAS THREATENED TO FILE THEIR OWN FORECLOSURE AND THEY HAVE COMMITTED FRAUD.

{¶ 32} In his second assignment of error, Mullins contends the trial court should not have entered judgment in favor of BAC as, at the time the trial court issued its December 3, 2013 entry sustaining summary judgment and granting a decree in foreclosure, BAC was no longer the servicer of the promissory note. Mullins also argues that summary judgment was inappropriate as BAC obtained judgment by fraudulent means.

1. Transfer of Interest: "PennyMac"

{¶ 33} Mullins contends, for the first time on appeal, that BAC could not have been awarded judgment as it no longer had an interest in the promissory note. Mullins states the note was transferred to the entity "PennyMac Loan Services, LLC" (PennyMac) around the time the trial court issued its December 3, 2013 entry, thereby making PennyMac the real party in interest. This argument was never raised or presented below. As we previously stated, "[i]t is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and failure to raise an issue before the trial court results in waiver of that issue for appellate purposes." *Wells Fargo Bank, N.A. v. Geiser*, 2004-Ohio-3779 at ¶ 10, fn. 3.

2. Allegations of Fraud in Loan Modification Process

{¶ 34} Mullins argues summary judgment was inappropriate as BAC only obtained judgment after fraudulently representing to Mullins and the trial court that it was engaged in a "loan modification * * * process that would have legally stopped the foreclosure suit." Mullins contends that although BAC led both the court and him to believe that a loan modification was possible, BAC never really intended to resolve the matter by reaching an agreement with Mullins. Mullins attacks BAC's conduct during the loan modification process but does not attack BAC's evidence in support of summary judgment.

{¶ 35} The fact that Mullins and BAC were discussing a modification to the terms of the promissory note did not affect BAC's ability to seek judgment on the note. "Mere negotiations do not affect the validity or enforceability of a loan or mortgage." *Wells Fargo Bank, N.A. v. Stevens*, 7th Dist. Mahoning No. 12 MA 219, 2014-Ohio-1399, ¶ 2. *See also Chase Home Fin., L.L.C. v. Heft*, 3d Dist. Logan Nos. 8-10-14 and 8-11-16, 2012-Ohio-876, ¶ 27-28. "A lender has no duty to modify a loan. * * * Until both parties agree to the modification, the original terms of the loan are still in force, and mere negotiations are unenforceable." *Stevens* at ¶ 16, citing *Huntington v. R.R. Wellington, Inc.*, 9th Dist. Portage

No. 2012-P-0035, 2012-Ohio-5935, ¶ 25-27.

{¶ 36} Here, Mullins' attempt at reaching a compromise with BAC throughout the proceedings did not create a material issue of fact concerning his liability under the terms of the note. BAC was entitled to seek judgment under the terms of the note that were in effect. Moreover, Mullins never denied that he defaulted on his loan obligations. In fact, by failing to specifically deny the allegations set forth in BAC's complaint within his answer, Mullins admitted that BAC was the holder of the note and mortgage, that he had defaulted on the terms of the note, and that BAC properly accelerated the amount due under the note. See Civ.R. 8(D) ("[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading). The evidence BAC attached in support of its motion for summary judgment, along with Mullins' admissions, demonstrated BAC's right to foreclose on the property and to recover the funds due pursuant to the terms of the promissory note. *See Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 25.

{¶ 37} Given the evidence submitted by BAC demonstrating its entitlement to summary judgment, and Mullins' failure to present any evidence demonstrating a genuine issue of material fact to preclude judgment from being entered, we find that summary judgment was properly entered in BAC's favor. *See* Civ.R. 56(C); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996) (holding that the nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue").

{¶ 38} Accordingly, having found no merit to Mullins' arguments, his second assignment of error is overruled.

### III. CONCLUSION

{¶ 39} For the reasons set forth above, we affirm the decisions of the trial court

entering summary judgment and a decree for foreclosure in favor of BAC and denying Mullins' "Petition" for relief from summary judgment.

**{¶ 40}** Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.