[Cite as *Mount v. Dickson*, 2016-Ohio-7909.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


BRENDA L. MOUNT,                          :

    Plaintiff-Appellee,                   :          CASE NO.    CA2016-03-065

                                          :          O P I N I O N
  - vs -                                              11/28/2016

                                          :

MICHAEL W. DICKSON,                       :

    Defendant-Appellant.               :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR10030288


Kristen L. Campbell, 10 Journal Square, Suite 400, Hamilton, Ohio 45011, for plaintiff-appellee

Michael J. Davis, 8567 Mason-Montgomery Road, P.O. Box 1025, Mason, Ohio 45040, for defendant-appellant


    **RINGLAND, J.**

    **{¶ 1}** Defendant-appellant, Michael Dickson ("Husband"), appeals a decision from the Butler County Court of Common Pleas, Domestic Relations Division, denying his Civ.R. 60(B) motion for relief from judgment. For the reasons detailed below, we affirm.

    **{¶ 2}** Husband and Brenda Mount ("Wife") divorced pursuant to a decree journalized on June 11, 2010. Pursuant to the divorce decree, Husband was ordered to pay spousal support to Wife. The

trial court did not retain jurisdiction to modify the amount or duration of spousal support and provided that spousal support terminated only upon either party's death. In pertinent part, the divorce decree provided:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that [Husband] shall pay to [Wife] spousal support in the amount of one-half (1/2) of any monthly benefit he receives from the United States Air Force effective the first Friday after the filing of the Decree in this matter. [Husband] is currently receiving a monthly total of $2,823 in United States Air Force Disability Retirement. For example, effective the first Friday after the filing of the Decree in this matter, [Husband] shall pay [Wife] her share, currently $1,411.50 per month. If [Husband's] Disability Retirement increases, [Wife's] share shall also increase. If [Wife] is paid by the military as "Retirement", "Pension", or similar in addition to or in lieu of his disability retirement, [Wife] shall receive one-half (1/2) of said payments.

> * * *

> The order shall terminate only upon either party's death.

> The Court does not retain jurisdiction over the amount or duration of spousal support.

> * * *

> Spousal support is warranted due to the following reasons: [Wife] and [Husband] were married twice, once on December 19, 2000 and then again in 2004 without terminating the first marriage resulting in a nine and one-half (9-1/2) year marriage; [Wife] is the primary caregiver of [Husband's] son who has special needs and has the limited ability to become employed for this reason; [Wife] further has limited ability to become employed due to limited use of her hand; and the parties are not issuing an order to divide [Husband's] military pension/retirement.

Husband did not appeal the decision.

{¶ 3} Wife remarried in April 2011. On November 9, 2011, Wife filed a contempt motion against Husband for failure to pay spousal support. Husband defended, arguing that Wife's remarriage terminated the spousal support obligation. The magistrate agreed with Husband, but following objections the trial court overruled the magistrate's decision. In so doing, the trial court found that Wife's remarriage did not result in a termination of spousal support because the divorce decree

specified that the obligation terminated only upon either party's death. Again, Husband did not appeal.

{¶ 4} On November 14, 2013, the Butler County Child Support Enforcement Agency ("BCCSEA") filed a contempt motion against Husband for failure to pay spousal support. Husband, once again, defended upon the grounds of Wife's remarriage. Following a hearing, Husband was found in contempt. Husband did not appeal that decision.

{¶ 5} On June 12, 2014, Husband filed a Civ.R. 60(B) motion for relief from his spousal support obligation. Following a hearing, the trial court denied Husband's motion. Husband now appeals the decision of the trial court, raising a single assignment of error for review.

{¶ 6} THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.

{¶ 7} In his sole assignment of error, Husband argues the trial court erred in denying his motion for relief from judgment under Civ.R. 60(B) because the award of lifetime spousal support to Wife with no terminating factors except death was inequitable, unconscionable, and contrary to law. In addition, Husband challenges the trial court's finding that his Civ.R. 60(B) motion for relief was untimely. We find no merit to Husband's argument.

{¶ 8} Civ.R. 60(B) provides that the trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) any other reason justifying relief from the judgment.

**{¶ 9}** To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that it (1) has a meritorious claim or defense to present if the motion is granted; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) has made the motion within a reasonable time. *Kutz v. Kutz*, 12th Dist. Madison No. CA2012-08-017, 2013-Ohio-532, ¶ 9, citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 150-151 (1976). Failing to meet any one of these three factors is dispositive, for all three must be satisfied in order to gain relief. *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 16.

**{¶ 10}** This court reviews a trial court's decision granting or denying a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Kutz* at ¶ 9. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Sparks v. Sparks*, 12th Dist. Warren No. CA2015-10-095, 2016-Ohio-2896, ¶ 7.

**{¶ 11}** We find the trial court did not abuse its discretion by denying relief from judgment pursuant to Civ.R. 60(B). Here, Husband did not appeal the June 11, 2010 divorce decree and has been subject to subsequent contempt hearings and other proceedings related to the award of spousal support. Yet, Husband did not file his motion for relief from judgment until June 12, 2014, four years after the original decree was journalized. Husband has presented no evidence showing that his delay was reasonable. *See, e.g., Becker v. Becker*, 12th Dist. Butler Nos. CA98-02-031 and CA98-02-036, 1999 WL 126068, * 5 (Feb. 22, 1999) (motion for relief from judgment was untimely). Accordingly, the trial court did not abuse its discretion by finding Husband's motion to be untimely. As the failure to meet all of the factors pursuant to Civ.R. 60 is dispositive, we find the trial court did not err by denying Husband's motion for relief from judgment. Husband's sole assignment of error is without merit and is overruled.

**{¶ 12}** Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.