[Cite as *Koehler v. Koehler*, 2013-Ohio-336.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| FREDA KOEHLER a.k.a. Rush, | : | |
| Plaintiff-Appellant, | : | CASE NOS. CA2012-06-058<br>CA2012-07-059 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 2/4/2013 |
| FRANCIS A. KOEHLER, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case Nos. 10DR33620 and 11DR35210


Jeffrey E. Richards, 147 Miami Street, P.O. Box 536, Waynesville, Ohio 45068, for plaintiff-appellant

Christopher J. Cornyn, P.O. Box 332, Brookville, Ohio 45309, for defendant-appellee


**HENDRICKSON, P.J.**

{¶ 1} Plaintiff-appellant, Freda Koehler n.k.a. Rush, appeals from a judgment entry and final decree of divorce entered by the Warren County Court of Common Pleas, Domestic Relations Division, which found that it did not have jurisdiction to modify a pre-existing spousal support order that had been set forth in a decree of legal separation. For the reasons discussed below, we reverse the trial court's decision and remand this matter for further proceedings.

{¶ 2} Appellant and defendant-appellee, Francis Koehler, were married in 1990. In April 2010, appellant filed a complaint for divorce. Thereafter, appellee filed a counterclaim for divorce. A final divorce hearing on the matter occurred on December 17, 2010. However, on February 7, 2011, the parties filed a motion to convert the action to a legal separation action. That same day, the trial court entered its Judgment Entry and Final Decree of Legal Separation, which was signed by the trial court judge, appellant, appellee, and the parties' respective counsel. See *Koehler v. Koehler*, Warren C.P. No. 10DR33620 (Feb. 7, 2011).

{¶ 3} Pursuant to the decree of legal separation, "[t]his Final Judgment Entry and Decree of Legal Separation constitutes a full and complete settlement of all rights and responsibilities between the parties and there are no covenants, conditions, representations or agreements, oral or written, of any nature whatsoever, other than those herein contained." The terms of the decree specified that appellee was to provide spousal support to appellant as follows:

> Beginning December 1, 2010, [appellee] shall pay [appellant's] car loan in regular monthly payments in the amount of two-hundred and ten dollars ($210.00) paid directly to River Valley or other such financial institution who holds the loan for [appellant's] car. Such monthly payments shall continue until the balance of the car loan is paid off in full. This monthly payment by [appellee] shall be in consideration of spousal support to [appellant]. No other spousal support payments shall be made by and between either spouse. The Court shall not have continuing jurisdiction of the amount or the duration of spousal support.

Neither party appealed from the trial court's February 7, 2011 Judgment Entry and Final Decree of Separation.

{¶ 4} On December 23, 2011, appellant filed a complaint for divorce and sought temporary and permanent orders for spousal support. Appellee counterclaimed for divorce, and in his answer to appellant's complaint, denied that the trial court had jurisdiction to modify the spousal support order set forth in Case No. 10DR33620. Both appellant and

appellee submitted briefs to the trial court on the issue of whether the court had jurisdiction to modify spousal support. In an entry dated March 13, 2012, the trial court held the "spousal support order [in the decree of legal separation] was clear that the Court shall not have continuing jurisdiction of the amount or duration of spousal support." The Court concluded that, "as a matter of law, * * * it has no jurisdiction to modify spousal support whether there are changed circumstances of a party or not."

{¶ 5} A final hearing on appellant's complaint for divorce and appellee's counterclaim for divorce was held on June 21, 2012. Thereafter, the trial court filed its Judgment Entry and Final Decree of Divorce. In its entry, the trial court expressly incorporated its March 13, 2012 holding regarding spousal support.

{¶ 6} Appellant appeals the trial court's decision regarding spousal support, raising as her sole assignment of error the following:

{¶ 7} THE TRIAL COURT ERRED IN FINDING THAT IT HAD NO JURISDICTION TO MODIFY SPOUSAL SUPPORT.

{¶ 8} In her sole assignment of error, appellant argues the trial court erred in refusing to consider a modification of the spousal support order set forth in the decree of separation. Appellant contends that "[t]he terms of the legal separation were court ordered and not the result of a settlement agreement or a contract," and, therefore, R.C. 3105.18(D) provides the trial court with continuing jurisdiction to modify the support order. Appellee argues, however, that the terms set forth in the decree of separation "were agreed to between the parties in a non-contested legal separation proceeding and incorporated into a final decree."

{¶ 9} Whether the trial court has jurisdiction to consider a modification of spousal support presents a question of law. Questions of law are reviewed by appellate courts de novo. *Turner v. Langenbrunner*, 12th Dist. No. CA2003-10-099, 2004-Ohio-2814, ¶ 12.

{¶ 10} R.C. 3105.18(D) states that "[i]n an action brought solely for an order for legal separation under section 3105.17 of the Revised Code, any continuing order for periodic payments of money entered pursuant to this section *is subject to further order of the court upon changed circumstances of either party*." (Emphasis added.) Pursuant to R.C. 3105.18(D), the trial court cannot, on its own accord, relinquish jurisdiction to modify a spousal support order. *Compare* R.C. 3105.18(E) (which provides that in a divorce or dissolution of marriage, the trial court does not have jurisdiction to modify the amount or terms of spousal support unless the trial court specifically reserves jurisdiction to so modify the ordered spousal support). Where a legal separation is granted, the trial court retains jurisdiction to modify spousal support. *See Dunlap v. Dunlap*, 9th Dist. No. 23860, 2008-Ohio-3201, ¶ 26 (finding that the trial court's statement in the decree of legal separation that "[s]pousal support shall not remain under the jurisdiction of this Court" did not relinquish the court's jurisdiction to modify spousal support); *Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202 (1st Dist.). The parties, however, may contractually waive the right to seek modification of spousal support. *Condit* at ¶ 13.

{¶ 11} In *Condit*, a husband and wife entered into a separation agreement that was later incorporated into a decree of legal separation. *Id.* at ¶ 2. The separation agreement provided that the husband was to pay the wife $1,500 per month in spousal support for seven years. *Id.* at ¶ 3. The agreement also stated that "such spousal support shall not be subject to further review of the Court." *Id.* The wife later filed a complaint for divorce, and the husband asked the court to modify the spousal support order. *Id.* at ¶ 4. The trial court refused to consider modifying the spousal support order, holding that the issue of spousal support had been addressed in the decree of legal separation and the court did not retain jurisdiction. *Id.* at ¶ 5. On appeal, the First District determined that the trial court had jurisdiction to modify spousal support pursuant to R.C. 3105.18(D). *Id.* at ¶ 7-9. It

- 4 -

determined, however, that the parties "could waive the right to seek modification of spousal support as a contractual matter between themselves." *Id.* at ¶ 13. In determining whether the parties intended to waive this right, the First District held that the court should look to the separation agreement adopted by the decree of dissolution and apply the same rules of construction that govern other contracts. *Id.* at ¶ 11. The court determined that the plain language of the parties' separation agreement demonstrated the "parties' intent * * * that spousal support would not be modifiable." *Id.* at ¶ 13. Accordingly, the First District determined that the trial court did not err in denying the husband's motion to modify spousal support.

{¶ 12} The facts in the present case differ significantly from the facts in *Condit*. Here, there is no separation agreement attached or incorporated into the trial court's decree of legal separation. In fact, the decree of legal separation specifically stated that "[t]his Final Judgment Entry and Decree of Legal Separation constitutes a full and complete settlement of all rights and responsibilities between the parties and *there are no covenants, conditions, representations or agreements, oral or written, of any nature whatsoever, other than those herein contained.*" (Emphasis added.) Although appellee argues that the terms set forth in the decree of separation "were agreed to between the parties in a non-contested legal separation proceeding and incorporated into a final decree," there is nothing in the record to support his contention. While the decree of legal separation was signed by the trial court judge, appellant, appellee, and the parties' respective counsel, the decree does not indicate that the terms set forth in the document were reached by the parties' agreement, does not reference a separate, on-the-record agreement between the parties, and does not incorporate a separation agreement executed by the parties. Thus, there is no evidence in the record that the parties sought to contractually waive the right to seek modification of spousal support.

**{¶ 13}** Accordingly, we find that pursuant to R.C. 3105.18(D), appellant was entitled to seek modification of the spousal support order contained within the decree of legal separation. The trial court erred by refusing to exercise jurisdiction to consider whether modification of the spousal support order was appropriate.

**{¶ 14}** We hereby reverse the trial court's March 13, 2012 entry finding that it did not have continuing jurisdiction to modify the spousal support order entered in the decree of legal separation. We further reverse the decree of divorce to the extent it holds that the trial court did not have jurisdiction to consider a modification of the previously ordered spousal support award contained in the decree of legal separation.

**{¶ 15}** Judgment reversed, and the matter remanded for further proceedings consistent with this opinion.

RINGLAND and M. POWELL, JJ., concur.