[Cite as *Althammer v. Althammer*, 2013-Ohio-2855.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| PAMELA ALTHAMMER, | : | |
| | | CASE NOS. CA2012-08-014 |
| Plaintiff-Appellee/Cross-Appellant, | : | CA2012-08-015 |
| | : | O P I N I O N |
| - vs - | | 7/1/2013 |
| | : | |
| DAVID ALTHAMMER, | : | |
| Defendant-Appellant/Cross-Appellee. | : | |


APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 20070547


Bruce S. Wallace, 108 South High Street, P.O. Box 3740, Mt. Orab, Ohio 45154, for plaintiff/appellee/cross-appellant

Mark J. Tekulve, 785 Ohio Pike, Batavia, Ohio 45103, for defendant/appellant/cross-appellee


**S. POWELL, J.**

{¶ 1} Appellant, David Althammer, appeals from the judgment of the Brown County Common Pleas Court denying his request for a reduction in his spousal support obligation to his former wife appellee, Pamela Althammer. We affirm.

{¶ 2} The parties were married in 1980. In 2008, the parties were granted a decree of legal separation, which incorporated their written separation agreement. Under the terms

of the decree, David was required to pay Pamela $200 per week in spousal support, indefinitely. The decree contained a provision in which the parties agreed that "[t]he court specifically retains continuing jurisdiction to enforce, but not to modify, the spousal support award." The decree also contained a provision that stated, in the event either party institutes a divorce or dissolution proceeding, the parties' separation agreement "shall be disclosed and presented to the court in such proceeding with the request that it be adjudicated to be fair, just, and proper, and that this agreement and all its terms and provisions be incorporated into the Decree of Dissolution or Divorce Decree of said court."

{¶ 3} In 2011, David filed a motion to reduce his spousal support obligation, after he was laid off from his job at Sardinia Concrete. About one month later, he filed a complaint for divorce. The only contested issue between the parties involved modification of the spousal support award under the decree of legal separation. David argued the trial court had jurisdiction under R.C. 3105.18(D) to modify the spousal support award in the decree of legal separation. Pamela, who, at the time of these proceedings, had been unemployed for about 20 years, largely due to the fact that she has primary progressive multiple sclerosis, requested that the trial court enforce the terms of the decree of legal separation, including the one in which the parties agreed that the trial court "specifically retains continuing jurisdiction to enforce, but not to modify, the spousal support award."

{¶ 4} In 2012, the magistrate determined that "the parties to a legal separation can voluntarily waive the right for a court to retain jurisdiction in order to modify a spousal support award[,]" and that David had done so by agreeing to the provision in the parties' separation agreement in which the parties agreed that the trial court would not retain continuing jurisdiction to modify spousal support. As a result, the magistrate concluded that David was legally obligated to continue to pay spousal support to Pamela in the amount of $200 per

week, indefinitely. The trial court overruled David's objections to the magistrate's decision and adopted it as the order of the court.

{¶ 5} David now appeals, assigning the following as error:

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN FINDING THAT IT LACKED JURISDICTION TO MODIFY A SPOUSAL SUPPORT AWARD PURSUANT TO R.C. 3105.18(D).

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT'S DECISION DENYING APPELLANT'S REQUEST FOR REDUCTION OR TERMINATION OF SPOUSAL SUPPORT CONSTITUTED AN ABUSE OF DISCRETION MANDATING REVERSAL.

{¶ 10} In his first assignment of error, David argues the trial court erred in finding that it lacked jurisdiction under R.C. 3105.18(D) to modify his spousal support obligation in the decree of legal separation. However, the trial court did not make such a finding. Instead, the trial court determined that the parties had agreed to voluntarily waive their rights to have the trial court retain jurisdiction under R.C. 3105.18(D) to modify the spousal support award and that the parties were permitted to do so. We agree with the trial court's determinations.

{¶ 11} R.C. 3105.18(D) states that "[i]n an action brought solely for an order for legal separation under section 3105.17 of the Revised Code, any continuing order for periodic payments of money entered pursuant to this section is subject to further order of the court upon changed circumstances of either party." By contrast, R.C. 3105.18(E) provides that in divorce or dissolution proceedings, the trial court does *not* have jurisdiction to modify the amount or terms of spousal support unless the trial court specifically reserves jurisdiction to do so.

{¶ 12} "Where a legal separation is granted, the trial court retains jurisdiction [under

R.C. 3105.18(D)] to modify spousal support." *Koehler v. Koehler*, 12th Dist. Nos. CA2012-06-058, CA2012-07-059, 2013-Ohio-336, ¶ 10. "[T]he trial court cannot, on its own accord, relinquish jurisdiction [under R.C. 3105.18(D)] to modify a spousal support order." *Id.* However, the parties "may contractually waive the right to seek modification of spousal support." *Id.*, citing *Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202 (1st Dist.), ¶ 13.

{¶ 13} In *Condit*, a husband and wife entered into a separation agreement that was later incorporated into a decree of legal separation. *Id.* at ¶ 2. The separation agreement provided that the husband was to pay the wife $1,500 per month in spousal support for seven years, and stated that "such spousal support shall not be subject to further review of the Court." *Id.* at ¶ 3. The husband subsequently requested the trial court to modify the spousal support order, but the trial court refused to do so, finding that it had not retained jurisdiction over the issue of spousal support. *Id.* at ¶ 4-5.

{¶ 14} The husband appealed the trial court's decision to the First District Court of Appeals, which affirmed the trial court's decision. The First District agreed with the husband that the trial court had jurisdiction under R.C. 3105.18(D) to modify spousal support. *Id.* at ¶ 7-9. However, the First District found that, while divorce actions are "purely statutory" and the parties could not waive the trial court's "statutory jurisdiction," "they could waive the right to seek modification of spousal support as a contractual matter between themselves." *Id.* at ¶ 13. The First District determined that the plain language of the parties' separation agreement demonstrated that it was the parties' intent that spousal support "would not be modifiable[,]" and therefore concluded that the trial court did not err in denying the husband's motion to modify spousal support. *Id.* at ¶ 13-14.

{¶ 15} In *Koehler*, we approved of the First District's holding in *Condit* that the parties to a separation agreement that is incorporated into a decree of legal separation "may

contractually waive the right to seek modification of spousal support." *Koehler* at ¶ 10, citing *Condit* at ¶ 13. However, this court subsequently found in *Koehler* at ¶ 12 that there was no evidence in the record of that case that the parties had sought to contractually waive the right to seek modification of spousal support.

{¶ 16} By contrast, in this case, the record shows that the parties contractually waived their right to seek modification of spousal support in their separation agreement that was incorporated into the parties' decree of legal separation. Moreover, the parties were permitted to do so. *Id.* at ¶ 10, citing *Condit* at ¶ 13. Therefore, the trial court did not err in enforcing the provision in the decree of legal separation in which the parties agreed that the trial court "specifically retains continuing jurisdiction to enforce, but not to modify, the spousal support award."[1] Consequently, David's first assignment of error is overruled.

{¶ 17} In his second assignment of error, David argues the trial court abused its discretion by refusing to reduce or terminate his spousal support obligation. However, the trial court did not have the opportunity to exercise its discretion to reduce or terminate David's spousal support obligation, because the parties' voluntarily waived their rights under R.C. 3105.18(D) to seek modification of spousal support, which the parties were permitted to do "as a contractual matter between themselves." *Condit* at ¶ 13. Accordingly, David's second assignment of error is overruled.

{¶ 18} Judgment affirmed.

---

1. This case is governed by the version of R.C. 3105.18 that was in effect until March 22, 2013. Effective March 22, 2013, R.C. 3105.18(F) has been amended. The newly enacted R.C. 3105.18(F)(2) states that "[i]n determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties. Absent an agreement of the parties, the court shall not modify the continuing jurisdiction of the court as contained in the original decree." The position taken by the First District in *Condit* and this court in *Koehler*, i.e., the parties to a legal separation agreement can, as a contractual matter between themselves, voluntarily agree to waive their rights to seek modification of spousal support under R.C. 3105.18(D), is consistent with the amended version of R.C. 3105.18(F).

RINGLAND, P.J., and M. POWELL, J., concur.