[Cite as *Bowman v. Leisz*, 2014-Ohio-4763.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| ANDREA L. BOWMAN, | : | CASE NO. CA2014-02-029 |
| Petitioner-Appellee, | : | |
| | : | O P I N I O N<br>10/27/2014 |
| - vs - | : | |
| | : | |
| RANDALL LEISZ, | : | |
| Respondent-Appellant. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12 CS 2581


Kirby, Thomas, Brandenburg & D'Amicoci, William M. Tinch, 4 Sycamore Creek Drive, Springboro, Ohio 45066, for petitioner-appellee

Law Offices of Richard Ganulin, Richard Ganulin, 3662 Kendall Avenue, Cincinnati, Ohio 45208, for respondent-appellant


**M. POWELL, J.**

{¶ 1} Respondent-appellant, Randall Leisz, appeals the decision of the Warren County Court of Common Pleas denying his motion for relief from a judgment granting a civil protection order against him.

{¶ 2} On August 22, 2012, petitioner-appellee, Andrea Bowman, filed a petition for a civil stalking protection order ("CPO") against Leisz under R.C. 2903.214. That same day,

the magistrate held an ex parte hearing, issued a temporary ex parte CPO, and scheduled a full evidentiary hearing ("CPO hearing"). The CPO hearing began on September 13, 2012, with Bowman and two witnesses testifying on her behalf. The hearing was then continued to October 17, 2012, so that Leisz could testify and complete his defense.

{¶ 3} Bowman is a special education teacher at Springboro High School. As relevant here, Leisz's son, J.L., was a student of Bowman's between 2008 and 2011. At some point during that time, the decision was made that home instruction would be the best option for J.L.'s education. Although Bowman did not travel to the Leisz home to give instruction, she remained J.L.'s instructor of record through the entire 2010-2011 school year.

{¶ 4} Between 2008 and 2011, Bowman met on several occasions with Leisz and school administrators to discuss Leisz's concerns with J.L.'s education. Bowman testified that she felt intimidated at several of these meetings due to Leisz's accusatory tone and aggressive manner. Her testimony regarding Leisz's conduct was corroborated by two school administrators who were present with Bowman and Leisz at many of the meetings.

{¶ 5} In his defense, Leisz testified that any emotion he displayed at these meetings was the manifestation of his desire for the best possible education for J.L., and not any animosity aimed at Bowman. He indicated that in addition to his concerns regarding Bowman, he raised several other issues at the meetings about J.L.'s education that were unrelated to her. For instance, he noted that one of his main concerns was the use of a "harness" to keep J.L. in his seat on the bus to and from school, an issue which had no connection with Bowman's performance in the classroom.

{¶ 6} In addition to meetings with Bowman and school administrators, Leisz also filed several complaints with the state department of education, at least one of which requested that Bowman's teaching license be suspended. The last complaint, filed after the 2010-2011 school year, resulted in a consent agreement in which Bowman received a stayed one-year

- 2 -

suspension of her license. Bowman suggested that the complaints demonstrated Leisz was on a mission to have her license revoked. Leisz again claimed that the complaints did not exclusively concern Bowman, but rather were attempts to ensure that J.L. received the best education possible. A copy of the consent agreement between Bowman and the department of education was entered into evidence, but no copies of any of Leisz's complaints were offered at the hearing.

{¶ 7} Bowman and Leisz had no contact during the 2011-2012 school year. However, on July 15, 2012, the pair had two separate verbal confrontations with each other at the Warren County fairgrounds. According to Bowman, Leisz instigated both confrontations and made her feel unsafe. Leisz, on the other hand, contended that Bowman initiated both confrontations. He produced a witness corroborating his claim, and suggested that Bowman held a grudge against him for the discipline she received from the department of education. Following these confrontations, Bowman filed her petition for a CPO.

{¶ 8} In October 2012, the magistrate rendered a decision recommending that a CPO be issued for a period of five years. Leisz timely filed objections to the magistrate's decision. In February 2013, the trial court issued a decision and entry overruling Leisz's objections, and adopting the magistrate's decision and recommendations.

{¶ 9} Leisz did not appeal the trial court's decision. However, in June 2013, he did file a Civ.R. 60(B) motion for relief. Accompanying Leisz's motion were an affidavit from Leisz indicating that Bowman presented false and otherwise misleading information at the CPO hearing, a copy of the school district's anti-harassment policy, signed statements of several individuals supporting the claims in the motion and affidavit, and copies of several complaints Leisz had submitted to the state department of education between 2008 and 2009. In response, Bowman filed a Civ.R. 11 motion for sanctions, arguing that Leisz's motion was frivolous.

{¶ 10} In November 2013, without holding a hearing on the matter, the magistrate issued a decision recommending that Leisz's Civ.R. 60(B) motion be denied. At the same time, the magistrate recommended that Bowman's motion for sanctions also be denied because Leisz had colorable grounds for his motion and was entitled to vigorously defend himself. Leisz timely filed objections to the magistrate's decision.

{¶ 11} On January 28, 2014, the trial court issued a decision and entry overruling Leisz's objections and adopting the magistrate's decision. In its decision, the trial court found that Leisz failed to demonstrate entitlement to relief under Civ.R. 60(B)(1), (3), and (5). In so finding, the trial court noted that Leisz's objections were more suited for a direct appeal relating to the sufficiency and manifest weight of the evidence.

{¶ 12} Leisz now appeals, raising one assignment of error:

{¶ 13} THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT.

{¶ 14} Leisz challenges the trial court's denial of his Civ.R. 60(B) motion on the grounds that the trial court erred when it (1) failed to cite and apply apposite case law supporting its denial of his motion; (2) disregarded his evidence of misrepresentation and mistake; (3) failed to explain why the interests of justice did not require that his motion be granted; and (4) failed to hold a hearing on his motion.

{¶ 15} Civ.R. 60(B) provides that the trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

{¶ 16} To prevail on a Civ.R. 60(B) motion, the moving party has the burden to demonstrate that it (1) has a meritorious claim or defense to present if the motion is granted; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) has made the motion within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *Motorists Mut. Ins. Co. v. Roberts*, 12th Dist. Warren No. CA2013-09-089, 2014-Ohio-1893, ¶ 22, citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 150-151 (1976). Failing to meet any one of these three factors is fatal, for all three must be satisfied in order to gain relief. *First Fin. Bank, N.A. v. Grimes*, 12th Dist. Butler No. CA2010-10-268, 2011-Ohio-3907, ¶ 14.

{¶ 17} The decision to grant or deny a Civ.R. 60(B) motion lies in the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of that discretion. *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 14, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 18} At the outset, we note our disagreement with Leisz's contention that the trial court failed to cite and apply apposite case law supporting its denial of his motion. To begin with, the trial court cited two recent cases from this court: one accurately stated the movant's burden of proof for a Civ.R. 60(B) motion, and the other discussed the grounds for relief under Civ.R. 60(B)(5). *See Ohio State Aerie Fraternal Order of Eagles v. Alsip*, 12th Dist.

- 5 -

Butler No. CA2013-05-079, 2013-Ohio-4866, ¶ 16; *Myers v. Lawson*, 12th Dist. Warren No. CA2012-07-068, 2013-Ohio-2500, ¶ 15. In addition, the trial court fully adopted the magistrate's decision, which also applied a pertinent case. *See In re R.B.,* 12th Dist. Butler No. CA2012-09-176, 2013-Ohio-2392.

{¶ 19} *In re R.B.* involved a Civ.R. 60(B) motion that was filed two years after the trial court had entered judgment against the appellant ("Mother") for failure to reimburse the appellee ("Father") for their children's medical expenses. *Id.* at ¶ 5. In her motion, Mother reiterated two arguments she had made during the original proceedings: that Father had inflated the expenses and failed to provide appropriate documentation. *Id.* at ¶ 18, 19. On appeal of the trial court's denial of her motion, this court noted:

> Now, over two years after the trial court reached this decision, Mother is attempting to re-litigate these same issues. Essentially, Mother is trying to mount a direct appeal by virtue of her Civ.R. 60(B) motion. Such a tactic is improper as a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. * * * *Mother failed to file a direct appeal of the trial court's order * * *. She cannot now use Civ.R. 60(B) as a substitute for a direct, timely appeal.*

(Emphasis added.) *Id.* at ¶ 20. *See also Bank of Am., N.A. v. Kuchta*, Slip Opinion No. 2014-Ohio-4275, ¶ 15.

{¶ 20} Similarly, it appears here that approximately five months after failing to properly appeal the trial court's judgment against him, Leisz is now trying to mount a collateral attack by virtue of his Civ.R. 60(B) motion. The arguments and evidence that Leisz presented in support of his motion – that his contact with the state authorities was not exclusively to seek the revocation of Bowman's license, that Bowman had motive to instigate the confrontation at the Warren County fairgrounds, that his conduct at the meetings with Bowman and Springboro school administrators was not menacing or aggressive – were all issues raised during the CPO hearing, either as argument by counsel or through the testimony of

witnesses. The doctrine of res judicata bars Leisz from using his Civ.R. 60(B) motion to re-litigate these issues which he failed to appeal. *Kuchta*, 2014-Ohio-4275 at ¶ 16 ("It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and the doctrine of res judicata applies to such a motion").

{¶ 21} Moreover, even if the Civ.R. 60(B) motion had been the proper procedural course, we find no abuse of discretion in the trial court's denial of Leisz's motion. Although he filed his motion pursuant to Civ.R. 60(B)(1), (3), and (5), Leisz failed to show he was entitled to relief under any of those provisions.

{¶ 22} Leisz claims he is entitled to relief under Civ.R. 60(B)(1) because he presented evidence that the trial court mistakenly relied upon the parties' educational relationship between 2008 and 2011 to justify granting the CPO. However, relief from judgment under Civ.R. 60(B)(1) cannot be predicated upon a mistake by the court. *In re Adoption of A.N.L.*, 12th Dist. Warren No. CA2004-11-131, 2005-Ohio-4239, ¶ 26. Instead, the mistake contemplated by Civ.R. 60(B)(1) is a mistake of process made by one who is prejudiced by the outcome. *Rakosky v. Physician Providers, Inc.*, 4th Dist. Pike No. 07CA758, 2007-Ohio-6574, ¶ 12. If Leisz believed the trial court made a mistake in its ruling, his proper remedy was a direct appeal of that entry. *In re Adoption of A.N.L.* at ¶ 26.

{¶ 23} Next, Leisz asserts he is entitled to relief under Civ.R. 60(B)(3) due to Bowman's misrepresentation of material facts at the CPO hearing. Along with his Civ.R. 60(B) motion, Leisz submitted signed letters by other persons involved in J.L.'s education, and noted the absence of official reports of harassment, to suggest that his interactions with Bowman and the school were not menacing or aggressive. He also submitted copies of several complaints he filed with the state to show they were not exclusively focused on Bowman. Leisz claims this evidence demonstrates his entitlement to relief under Civ.R. 60(B)(3) because it proves Bowman misrepresented the facts and provided false testimony at

the CPO hearing. This claim, too, is misguided.

**{¶ 24}** The fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) involves deceit or misconduct where "the party seeking relief was taken by surprise when false testimony was given and was unable to meet it or did not know of its falsity until after trial." *Caron v. Manfresca*, 10th Dist. Franklin No. 98AP-369, 1998 WL 832163, *3 (Dec. 3, 1998), citing *Abrahamsen v. Trans-State Exp., Inc.*, 92 F.3d 425, 428 (6th Cir.1996).[1] In other words, the movant must show more than misrepresentation or false testimony; he must show misconduct that prevented him from fully and fairly presenting his defense. *Kuchta*, 2014-Ohio-4275, ¶ 13; *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 21.

**{¶ 25}** In the present case, there is no evidence that Bowman prevented Leisz from fully and fairly presenting his defense at the CPO hearing. With respect to Bowman's claim she felt threatened by Leisz's aggressive manner at the meetings with school administrators, it is notable that she made this claim during her testimony on September 13, 2012. Leisz then had over one month to gather evidence and correspond with the persons who signed the letters he now offers. Yet when the hearing reconvened on October 17, 2012, the only witnesses Leisz called on his behalf were the school board member with whom he lodged a complaint following his confrontations with Bowman at the fairgrounds, and an acquaintance who observed those confrontations from afar. If Leisz wished to introduce evidence to disprove the suggestion that his conduct was threatening during his meetings with Bowman and school administrators, the time to do so was at the CPO hearing.

**{¶ 26}** Further, with respect to the complaints to the state department of education, we observe that it was Leisz who first brought them up at the CPO hearing during his cross-

---

1. Although *Abrahamsen* was decided under Fed.R.Civ.P. 60(b)(3), the Ohio Supreme Court has found that Ohio's Civ.R. 60(B) is "substantially equivalent" to Fed.R.Civ.P 60(b). *Kuchta*, 2014-Ohio-4275 at ¶ 15.

examination of Bowman. And it was Leisz who first made the connection between the complaints and the possible revocation of Bowman's license. Only after Leisz raised the issue did Bowman note that in addition to the complaint for which she was disciplined, Leisz had filed "many other formal complaints." Again, if Leisz wished to challenge Bowman's characterization of his complaints to the state, the time to do it was at the CPO hearing. The month between the commencement of the CPO hearing in September 2012 and its conclusion in October 2012 was ample time to gather copies of the documents that he himself had filed.

{¶ 27} Lastly, we address together Leisz's arguments that the trial court erred when it denied his motion without explaining why the interests of justice did not require granting his motion under Civ.R. 60(B)(5), and without holding an evidentiary hearing. Both arguments reflect a misunderstanding of the movant's burden of proof under Civ.R. 60(B).

{¶ 28} It is well-established that:

> A person filing a motion for relief from judgment under Civil Rule 60(B) is not automatically entitled to such relief nor to a hearing on the motion. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion.

*Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103 (8th Dist.1974). The grounds for invoking Civ.R. 60(B)(5) must be substantial, and relief is to be granted only in unusual or extraordinary circumstances. *Robinson v. Miller Hamilton Venture, L.L.C.*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017, ¶ 17. Further, with respect to holding an evidentiary hearing, it is an abuse of discretion for the trial court to deny a hearing only "'where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment.'" *Aurora Loan Servs. v. Brown*, 12th Dist. Warren No. CA2010-01-010, 2010-Ohio-5426, ¶ 40 quoting *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996).

{¶ 29} In the present case, the trial court noted that other than mentioning Civ.R. 60(B)(5), Leisz asserted no argument as to why relief should be granted under that provision. Moreover, as discussed above, Leisz failed to make an argument that would entitle him to relief under any of the other provisions of Civ.R. 60(B).  Therefore, Leisz failed to satisfy his burden of proof with respect both to Civ.R. 60(B)(5) and to an evidentiary hearing on his motion.

{¶ 30} In light of the foregoing, we find that the trial court did not err in denying Leisz's Civ.R. 60(B) motion.  The trial court made use of appropriate legal authority, and it did not abuse its discretion when it held the evidence Leisz submitted with his motion neither demonstrated a grounds for relief under Civ.R. 60(B)(1), (3), or (5), nor justified a hearing on his motion.

{¶ 31} Leisz's assignment of error is overruled.

{¶ 32} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.