[Cite as *Tedrick v. Tedrick*, 2016-Ohio-1488.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| JENNIFER TEDRICK, | : | CASE NO. CA2015-07-065 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>4/11/2016 |
| - vs - | : | |
| | : | |
| KENNETH TEDRICK, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2012DRC01017

Douglas A. Ball, 233 East Main Street, Suite 3, Batavia, Ohio 45103, for plaintiff-appellee

Batsche & Batsche Law Firm, D. Andrew Batsche, 300 West Main Street, P.O. Box 75, Mason, Ohio 45040, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Kenneth Tedrick ("Husband"), appeals decisions from the Clermont County Court of Common Pleas, Domestic Relations Division, denying his motions to terminate spousal support and grant Civ.R. 60(B) relief from judgment. Husband also appeals the award of attorney fees in favor of plaintiff-appellee, Jennifer Tedrick ("Wife"). For the reasons stated below, we affirm the decisions of the trial court.

{¶ 2} Pursuant to a decree of dissolution journalized on August 24, 2012, the trial court dissolved the marriage of Husband and Wife. A separation agreement, drafted by Wife's attorney, was approved and incorporated by reference into the decree of dissolution. In regards to spousal support, the separation agreement provided:

> Husband shall pay Wife $1,000.00 per month plus a 2% processing fee through CSEA in spousal support for seven years, beginning on the first day of journalization of the Decree of Dissolution for seven consecutive years or until the death of either party.
>
> *The Court specifically reserves jurisdiction to modify spousal support in the event of a change of circumstances of either party.* The within support order is based upon the income of the parties as listed in the child support worksheet filed herewith. *A change of circumstances is defined as a change in Husband's gross annual income of $10,000.00 or more.* If the change in income is reduced income, such shall only be a change of circumstances if said reduction is due to factors outside of Husband's control and not his fault.
>
> *The reduction of Wife's income by $10,000.00 or more*, if occasioned by factors outside of her control and through no fault of her own, *shall also constitute a change of circumstances.*

(Emphasis added.)

{¶ 3} In November 2013, Husband moved to terminate his spousal support payments because Wife was cohabitating with another man. The case proceeded to a magistrate who found the court did not have jurisdiction to terminate or modify spousal support based on Wife's cohabitation. The magistrate reasoned that the dissolution decree provided the court with jurisdiction to modify spousal support *only* when Husband's income changed by $10,000 or Wife's income was reduced by $10,000. The magistrate dismissed Husband's motion. The trial court affirmed the magistrate's decision.

{¶ 4} In June 2014, Husband filed a second motion to terminate spousal support due to Wife's remarriage. One month later, in July 2014, Husband filed a Civ.R. 60(B) motion for relief from his spousal support obligation due to Wife's remarriage. The trial court denied

both motions. The court reasoned that it did not have jurisdiction to modify spousal support due to Wife's remarriage. The court also found that Civ.R. 60(B) relief should not be granted because Husband agreed to the terms of spousal support.

{¶ 5} Wife requested attorney fees she incurred in responding to Husband's two motions to terminate support and his Civ.R. 60(B) motion. The magistrate ordered Husband to pay $3,000 of Wife's attorney fees, payable at the rate of $300 per month. The trial court overruled Husband's objections and affirmed the magistrate's decision.

{¶ 6} Husband now appeals, asserting three assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED HUSBAND'S MOTION TO MODIFY THE AWARD OF SPOUSAL SUPPORT AFTER WIFE'S REMARRIAGE.

{¶ 9} Husband argues the trial court erred in denying his motion to terminate spousal support. Husband maintains the court had jurisdiction to modify spousal support as the "change in income" provision of the decree of dissolution was not the exclusive basis on which the court may modify support, but instead was an example of the type of circumstances which justified modification.

{¶ 10} Whether a trial court has jurisdiction to consider a modification of spousal support presents a question of law. *Koehler v. Koehler*, 12th Dist. Warren Nos. CA2012-06-058 and CA2012-07-059, 2013-Ohio-336, ¶ 9. Questions of law are reviewed by appellate courts de novo. *Id.*

{¶ 11} R.C. 3105.18(E) provides that for dissolution of marriage actions that are determined on or after January 1, 1991, the court that enters the decree of dissolution of marriage "*does not have jurisdiction* to modify the amount or terms of the alimony or spousal support" unless the court determines that the circumstances of either party have changed

- 3 -

and "*the separation agreement* that is approved by the court and incorporated into the decree *contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.*"  (Emphasis added.)  R.C. 3105.18(E)(2).

{¶ 12} As the Ohio Supreme Court has recognized, a trial court lacks jurisdiction to modify a prior order of spousal support unless the decree expressly retained jurisdiction to make the modification and the court finds that a substantial change in circumstances has occurred and the change was not contemplated at the time of the original decree. *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph two of the syllabus.[1]  A trial court's jurisdiction is limited in this manner because "an agreement for spousal support that has been entered into in a divorce decree by a trial court is entitled to expectations of finality."  *Id.* at ¶ 15.

{¶ 13} In the decree of dissolution, the trial court specifically reserved jurisdiction to modify spousal support upon a change in circumstances.  However, "change in circumstances" was restrictively defined by the decree as including only a change in the income of Husband by $10,000 or a $10,000 reduction of Wife's income.  Therefore, the trial court's jurisdiction to modify spousal support was limited to those defined changed circumstances.  Consequently, since Wife's remarriage was not within the decree's definition of "change of circumstances," the trial court was without jurisdiction to modify spousal support upon that basis.  *See Michaels v. Michaels*, 9th Dist. Medina No. 11CA0012-M, 2012-Ohio-641, ¶ 9; *Kopczak v. Kopczak*, 11th Dist. Ashtabula No. 2011-A-0056, 2012-Ohio-

---

1. We recognize that following *Mandelbaum* and the journalization of the decree of dissolution herein, R.C. 3105.18(F) was amended to provide that the claimed changed circumstances, in order to serve as a basis for modification of spousal support, must not have been "taken into account" without regard to whether the changed circumstances were foreseeable at the time spousal support was established or last modified.  R.C. 3105.18(F)(1)(b).  We need not address whether the statutory standard adopted in the amendment to R.C. 3105.18 is different from the "not contemplated at the time of the original decree" standard recognized in *Mandelbaum* and which standard applies, as the question here concerns only the threshold issue of whether there was a retention of jurisdiction to modify spousal support.

3014, ¶ 18.

**{¶ 14}** Husband argues that the "change in income" provision was not the exclusive basis upon which the court retained jurisdiction to modify spousal support. Rather, Husband argues that the "change of income" provision was merely an example of the type of circumstance which justified modification. In support of this position, Husband cites *Hutchinson v. Hutchinson*, 12th Dist. Clermont No. CA2009-03-018, 2010-Ohio-597, for the proposition that this court interprets spousal support modification clauses liberally. In *Hutchinson*, the divorce decree provided for the *termination* of spousal support upon remarriage, cohabitation or death, but permitted *modification* of spousal support upon a change in circumstances, without further defining change in circumstances. Based upon the foregoing we found that the restrictive circumstances upon which spousal support would *terminate* were inapplicable to *modification* of spousal support. *Id.* at ¶ 11. Unlike *Hutchinson*, in this case the dissolution decree specifically stated that a change in circumstances sufficient to modify spousal support was restricted to a change in income of either party of $10,000.

**{¶ 15}** Consequently, the trial court did not err in denying Husband's motion to modify spousal support. The trial court did not have jurisdiction, based upon Wife's remarriage, to modify spousal support. Husband's first assignment of error is overruled.

**{¶ 16}** Assignment of Error No. 2:

**{¶ 17}** THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO USE ITS EQUITABLE POWERS TO PROVIDE FOR RELIEF FROM JUDGMENT.

**{¶ 18}** Husband argues the trial court erred in denying his motion for relief from judgment under Civ.R. 60(B)(4) and (5) because (1) it is inequitable to require him to continue paying spousal support after Wife's remarriage; (2) the spousal support provision is

- 5 -

ambiguous; and (3) the spousal support provision necessarily requires the trial court to consider the R.C. 3105.18(C) factors upon a motion to modify.

{¶ 19} We review a trial court's decision granting or denying a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994); *Kutz v. Kutz*, 12th Dist. Madison No. CA2012-08-017, 2013-Ohio-532, ¶ 9. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1993).

{¶ 20} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that it (1) has a meritorious claim or defense to present if the motion is granted; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) has made the motion within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 150-151 (1976). Failing to meet any one of these three factors is dispositive, for all three must be satisfied in order to gain relief. *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 16.

{¶ 21} Civ.R. 60(B)(4) provides for relief from a judgment where "it is no longer equitable that the judgment should have prospective application." Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." *Knapp v. Knapp*, 24 Ohio St.3d 141, 146 (1986). The "it is no longer equitable" clause of Civ.R. 60(B)(4), "will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement in a dissolution of marriage proceeding." *Id.* at paragraph two of the syllabus.

{¶ 22} We find that the trial court did not abuse its discretion in denying relief from judgment pursuant to Civ.R. 60(B)(4). Remarriage of divorced spouses is common and frequently included in divorce and dissolution decrees as a circumstance permitting the

modification of spousal support. Yet, Husband failed to include this as a reason to terminate or modify spousal support in the separation agreement. Further, Husband had a reasonable opportunity at the time of the dissolution to ensure that the separation agreement, and consequently, the dissolution decree, accurately reflected the parties' agreement. Husband has failed to point to any evidence establishing that he did not enter into the separation agreement as part of his own voluntary deliberate choice. As the Ohio Supreme Court has stated, Civ.R. 60(B)(4) will not relieve a litigant from the consequences of his own voluntary deliberate choice to enter into a separation agreement in a dissolution proceeding.

{¶ 23} Husband's arguments regarding the inequity of his continued support of Wife after she has remarried do not establish that he is entitled to relief from judgment under Civ.R. 60(B)(4). Husband acknowledges there is no Ohio law preventing support payments when a spouse has remarried. *See Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, ¶ 9.

{¶ 24} Husband also seeks relief from judgment due to the trial court's failure to consider the R.C. 3105.18(C) factors. The factors listed in R.C. 3105.18(C) are relevant considerations only when a court determines whether to award spousal support. Once the trial court has determined to award spousal support or that a modification of spousal support should be ordered, the factors are relevant as to the terms of such support. *See* R.C. 3105.18(C) ("[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support * * * the court shall consider * * *"). These factors are not relevant when determining, as here, whether the court has retained jurisdiction to modify an existing support order.

{¶ 25} Finally, Husband claims he is entitled to relief from judgment because of ambiguity as to the changed circumstances which permit a modification of spousal support. As stated in the first assignment of error, the dissolution decree is not ambiguous and clearly

provides that spousal support may only be modified only upon a change in income. Even if the modification of spousal support is ambiguous, Husband could have litigated these ambiguities before the trial court within the context of his motion to modify and on direct appeal. Civ.R. 60(B) is not a substitute for appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus. Husband is precluded from raising this ambiguity argument in a Civ.R. 60(B) motion. *See In re R.B.*, 12th Dist. Butler No. CA2012-09-176, 2013-Ohio-2392, ¶ 20.

{¶ 26} Moreover, Husband is not entitled to relief from judgment under Civ.R. 60(B)(5). While Civ.R. 60(B)(5) is a catch-all provision reflecting the inherent power of a trial court to relieve a person from the unjust operation of a judgment, it only applies when a more specific provision does not apply. *Strack*, 70 Ohio St.3d at 174. In addition, Civ.R. 60(B)(5) relief is to be granted only in unusual or extraordinary circumstances. *Veidt v. Cook*, 12th Dist. Butler No. CA2003-08-209, 2004-Ohio-3170, ¶ 18. In this case, Husband argues he is entitled to Civ.R. 60(B)(5) relief because continued enforcement of the support provisions is inequitable. Husband does not provide any additional reasons other than those articulated in his Civ.R. 60(B)(4) argument to establish his entitlement to relief under Civ.R. 60(B)(5) and does not demonstrate how the circumstances in this case are unusual or extraordinary.

{¶ 27} Consequently, the trial court did not err in denying Husband's motion for Civ.R. 60(B) relief from judgment. Husband's second assignment of error is overruled.

{¶ 28} Assignment of Error No. 3:

{¶ 29} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING WIFE ATTORNEY FEES.

{¶ 30} Husband argues the trial court abused its discretion in awarding Wife attorney fees she incurred in responding to Husband's two motions to terminate spousal support and his motion for relief from judgment. Husband argues the court awarded attorney fees

because his motions were duplicative and frivolous and this finding was not warranted.

{¶ 31} An award of attorney fees is within the sound discretion of the trial court. *Reynolds-Cornett v. Reynolds*, 12th Dist. Butler No. CA2013-09-175, 2014-Ohio-2893, ¶ 28. A trial court's decision to award attorney fees will be reversed only if it amounts to an abuse of discretion. *Id.*

{¶ 32} Pursuant to R.C. 3105.73(B), "[i]n any post-decree motion or proceeding that arises out of an action for divorce, * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." In determining whether an award is equitable, the court may consider "the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." R.C. 3105.73(B).

{¶ 33} In the case at bar, the magistrate awarded Wife attorney fees in the amount of $3,000. The award was based on the attorney fees Wife incurred opposing Husband's November 2013 motion to terminate spousal support, June 2014 motion to terminate spousal support, and July 2014 motion for relief from judgment. Wife had requested an award of $6,101 in fees, consisting of $3,200 of fees primarily incurred through Husband's first motion to terminate and $2,901 of fees primarily incurred through Husband's second motion to terminate and Civ.R. 60(B) motion.

{¶ 34} In finding the attorney fee award equitable, the magistrate noted Wife's counsel's $200 hourly fee was reasonable and customarily charged in the community, Wife currently works part-time and earns $9,100, Wife's new husband pays most of the couple's bills, and Wife pays for her household's utilities, cable, cell phone, and groceries. In regards to Husband, the magistrate noted that he earned $90,000 in 2014, Husband pays and Wife receives $1,885 in child and spousal support per month, Husband incurred $2,500 in attorney fees in regards to the motions, and Husband cohabitates with his girlfriend in a house paid

for by the girlfriend. The magistrate also noted that Wife prevailed on all of Husband's motions and that Husband's motions were duplicative. However, the magistrate found that the duplicative nature of Husband's motions should mitigate the attorney fees to which Wife is entitled because the legal services rendered in responding to the first motion would, to some extent, be applicable to responding to the later motions.

{¶ 35} Based on all the facts and circumstances presented in this case, we find that the trial court did not abuse its discretion in ordering Husband to pay $3,000 of Wife's attorney fees. The magistrate properly considered the differences in income between the parties, their relative expenses, and the child and spousal support payments. The magistrate also found that Wife's counsel's hourly rate was reasonable and customarily charged in the area. Moreover, the magistrate's finding that the motions were duplicative is supported by the evidence. The dismissal of Husband's first motion to terminate spousal support due to the court's limited jurisdiction should have put Husband on notice regarding the court's interpretation of the dissolution decree. Instead of acknowledging the court's interpretation, Husband proceeded to file a second motion, again arguing that the court could modify spousal support on a basis besides a change in income. Lastly, we note that the duplicative nature of Husband's motions, and consequently the duplicative legal research and briefs *reduced* the attorney fees payable to Wife.

{¶ 36} Lastly, in her brief, Wife requests that Husband be ordered to pay her attorney fees associated with defending this appeal and requests this Court to remand the matter to the trial court for determination of reasonable attorney fees. We decline to remand on this basis as Wife has not filed a motion for fees pursuant to App.R. 15. *See Barbato v. Mercy Med. Ctr.*, 5th Dist. Stark No. 2005 CA 00044, 2005-Ohio-5219, ¶ 62.

{¶ 37} Consequently, we find that the trial court's order for Husband to pay $3,000 of Wife's attorney fees was not unreasonable, arbitrary, or unconscionable. Husband's third

assignment of error is overruled.

**{¶ 38}** Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.