[Cite as *Pristine Senior Living v. Mistler*, 2020-Ohio-416.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

PRISTINE SENIOR LIVING & POST-   :
ACUTE CARE OF OXFORD,

   :   CASE NO. CA2019-05-083
 Appellant,

   :   O P I N I O N
        2/10/2020
 - vs -   :

   :
BERNADINE M. MISTLER, et al.,
   :
 Appellees.

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2018-10-2281

David S. Brown, 30100 Chagrin Boulevard, Suite 350, Cleveland, Ohio 44124, for appellant

Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for appellees

**S. POWELL, J.**

{¶ 1} Appellant, Pristine Senior Living & Post-Acute Care of Oxford ("Pristine"), appeals the decision of the Butler County Court of Common Pleas granting a Civ.R. 60(B) motion for relief from judgment filed by appellee, Randall Mistler ("Mistler"). For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} On June 13, 2016, Mistler signed a document entitled "Pristine Senior Living of Oxford, LLC Ohio Admission Agreement" as "Ronald A. Mistler POA." Mistler's signature

appeared on the last page of the agreement on a signature line immediately above the phrase "Responsible Party." There is no dispute that pursuant to this agreement Pristine was to provide residential nursing care services to Mistler's mother, Bernadine. There is also no dispute that it was only Mistler who signed the agreement, not Bernadine. The record indicates Bernadine did not sign the agreement due to her being diagnosed with dementia.

{¶ 3} Section I of the agreement sets forth the parties subject to the agreement as follows:

> This Admission Agreement (hereafter "Agreement") is made and entered into by Bernadine Mistler (Insert Name of Resident) (hereafter "Resident") or Randall A. Mistler (Insert Name of Guardian, Agent, Family Member, or Responsible Party, hereafter "Representative") and Pristine Senior Living of Oxford, LLC d/b/a Pristine Senior Living & Post-Acute Care of Oxford (hereafter, "Facility"). The "Responsible Party" is defined in Section V below, and together with the Resident, may be referred to as the "Parties" or "Undersigned." Reference to the Undersigned in the plural shall also include the singular.

{¶ 4} Section IX of the agreement also sets forth how disputes and legal claims between the parties would be resolved: first, negotiation and discussion, then, mediation, and finally, arbitration. There is no dispute that the parties had a disagreement over a lapse in payments under the agreement that ultimately resulted in this case going to arbitration. There is also no dispute that following arbitration Pristine was granted a judgment against both Mistler and his mother, Bernadine, jointly and severally, in the amount of $119,127.08 plus interest, attorney fees, and arbitration fees.

{¶ 5} On February 26, 2018, Pristine filed an application to confirm the arbitration award with the trial court. This application was filed with the trial court under Case No. CV 2018 02 0473. After the application was filed, the trial court scheduled the matter for a status hearing. Mistler appeared at the status hearing pro se. Pristine, however, did not

appear at the status hearing as instructed by the trial court. Due to Pristine's failure to appear at the status hearing, the trial court dismissed Pristine's application to confirm the arbitration award without prejudice in accordance with Civ.R. 41(B). The trial court issued this decision on June 6, 2018.

{¶ 6} On October 10, 2018, Pristine filed another application to confirm the arbitration award. Pristine's application was filed with the trial court under Case No. CV 2018 10 2281. After holding a hearing on the matter, during which Mistler again appeared pro se, the trial court granted Pristine's application to confirm the arbitration award levied against both Mistler and Bernadine. The trial court issued this decision on December 20, 2018.

{¶ 7} On February 15, 2019, Mistler filed a Civ.R. 60(B) motion for relief from judgment. Although now represented by counsel, Mistler filed this motion under the previously dismissed Case No. CV 2018 02 0473. Shortly thereafter, on February 22, 2019, Mistler refiled the same Civ.R. 60(B) motion for relief from judgment under the correct Case No. CV 2018 10 2281. Mistler supported this motion by arguing the arbitration award levied against him should be vacated since he signed the agreement only as power of attorney for his mother, Bernadine, and not in his individual capacity.

{¶ 8} On February 27, 2019, Pristine filed a memorandum in opposition to Mistler's motion for relief from judgment filed in the previously dismissed Case No. CV 2018 02 0473. In support, Pristine argued Mistler's motion should be denied as moot since that case had already been dismissed. The trial court agreed and dismissed Mistler's motion March 11, 2019. It is undisputed that Pristine filed nothing in opposition to Mistler's motion for relief from judgment in Case No. CV 2018 10 2281, with Pristine claiming it was never served with the February 22, 2019 Civ.R. 60(B) motion.

{¶ 9} On April 19, 2019, the trial court granted Mistler's motion for relief from

- 3 -

judgment pursuant to Civ.R. 60(B)(5), a rule that allows a trial court to vacate a prior judgment for "any other reason justifying relief from the judgment" that "'is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *In re P.L.H.*, 12th Dist Butler No. CA2018-01-009, 2018-Ohio-3653, ¶ 23, quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983). In so holding, the trial court found "extraordinary and unusual circumstances" justified relieving Mistler from its judgment confirming the arbitration award due to the arbitrator's lack of jurisdiction over Mistler. Explaining this holding, the trial court found Mistler had proved that he had "a meritorious defense or claim to present because he was not a signatory to the Agreement and the arbitration clause contained within it."

{¶ 10} Pristine now appeals the trial court's decision, raising two assignments of error for review. For ease of discussion, we will address Pristine's two assignments of error together.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED BY VACATING ITS PRIOR JUDGMENT AGAINST APPELLEE AND DISMISSING APPELLEE.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED BY VACATING ITS PRIOR JUDGMENT AGAINST APPELLEE, AND DISMISSING APPELLEE, WITHOUT A HEARING.

{¶ 15} In its two assignments of error, Pristine argues the trial court erred by granting Mistler's Civ.R. 60(B) motion for relief from the judgment confirming the arbitration award levied against him or, at the very least, by granting Mistler's motion and dismissing him from the case without first holding a hearing on the matter.

{¶ 16} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to

- 4 -

present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and; (3) the motion is made within a reasonable time. *Reynolds v. Turull*, 12th Dist. Butler No. CA2018-10-197, 2019-Ohio-2863, ¶ 9, citing *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The trial court granted Mistler's motion for relief from judgment in accordance with Civ.R. 60(B)(5). "Civ.R. 60(B)(5) is a catch-all provision reflecting the inherent power of a trial court to relieve a person from the unjust operation of a judgment[.]" *Tedrick v. Tedrick*, 12th Dist. Clermont No. CA2015-07-065, 2016-Ohio-1488, ¶ 26. "Civ.R. 60(B)(5) relief is to be granted only in unusual or extraordinary circumstances." *Id.*, citing *Veidt v. Cook*, 12th Dist. Butler No. CA2003-08-209, 2004-Ohio-3170, ¶ 18. This requires the grounds for invoking Civ.R. 60(B)(5) be "substantial." *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 28, citing *Robinson v. Miller Hamilton Venture, L.L.C.*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017, ¶ 17.

{¶ 17} "The policy in Ohio is to afford Civ.R. 60(B) relief where equitable." *Robinson* at ¶ 14, citing *Southern Ohio Coal Co. v. Kidney*, 100 Ohio App.3d 661, 668 (4th Dist.1995). The trial court determined that equity mandated, and justice required, granting Mistler relief from its judgment confirming the arbitration award levied against him and dismissing him from the case. We agree.

{¶ 18} With respect to the common pleas court's decision to proceed without a hearing, whether to hold a hearing is within the court's discretion when Civ.R. 60(B) relief is evident on the face of the record. *USB Real Estate Securities, Inc. v. Teague*, 191 Ohio App.3d 189, 2010-Ohio-5634, ¶ 35 (2nd Dist.), citing *Daimler Chrysler Fin. v. L.N.H., Inc.*, 8th Dist. Cuyahoga No. 97437, 2012-Ohio-2204, ¶ 17. *See also Hrabak v. Collins,* 108 Ohio App.3d 117, 121 (8th Dist.1995). We find no abuse of discretion in this regard.

{¶ 19} Therefore, we affirm the trial court's decision granting Mistler's motion for relief

from judgment and dismissing Mistler as a party. Pristine's two assignments of error are accordingly overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.